**In re COMMUNICATION OPTIONS, INC. Debtor.**

**No. 00–57772.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Sept. 26, 2003.

Richard T. Ricketts, Ricketts Co., L.P.A., Columbus, OH, for Debtor.

Leon Friedberg, Stephanie Champ, Carlile Patchen & Murphy LLP, Columbus, OH, for Duckworth Enterprises, LLC.

***ORDER GRANTING DUCKWORTH'S MOTION FOR RELIEF FROM STAY***

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion of Duckworth Enterprises, LLC

("Duckworth") for an order granting relief from the automatic stay. Communication Options, Inc. ("COI"), the debtor and debtor in possession, filed a memorandum in opposition to Duckworth's motion. The Court conducted a hearing on the matter.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(G).

Duckworth, as the successor in interest to all of the rights, title, and interests of First Step Capital, LLC ("First Step"), is the holder of a prepetition claim asserted to be in the approximate amount of $2,700,000.00. Duckworth, in the same capacity, also holds an administrative expense claim asserted to be in excess of $895,000.00. Both the prepetition and postpetition obligations are secured by a senior lien upon substantially all of COI's assets pursuant to the term note and security agreement and amendments thereto; certain forbearance, subordination, and ratification agreements and any amendments; the interim, permanent, and supplemental postpetition financing orders; and the various assignments. These documents were identified as Duckworth Exhibits 1 through 24 and admitted into evidence without objection.

The Court finds that Duckworth has demonstrated a right to relief from stay for cause pursuant to 11 U.S.C. § 362(d)(1). Specifically, evidence presented to the Court over the course of a protracted hearing, showed that this debtor is using the bankruptcy reorganization remedy, not to try to repay its creditors, but to protect the prerogatives of its insiders. The evidentiary record is replete with examples of such protective devices and indications that the debtor has no intent ever to pay Duckworth, its primary secured creditor.

Throughout the three years this case has been pending, very few payments have been made to Duckworth or its predecessor, First Step. COI only very recently began making monthly payments of $7,000.00 to Duckworth on its postpetition claim. The debtor's newly proposed plan does not even provide for the repayment of the $695,360.00 extended by First Step as postpetition financing. In the hope of drawing out this case even longer and continuing a pattern of extracting investment or loan proceeds and then attacking the lender or its agent, the debtor has now proposed to subordinate Duckworth's claim. The Court has listened carefully to numerous witnesses presented by both parties, but has heard no evidence of any behavior by Duckworth which could cause this Court to subordinate its claim. Although equitable subordination is the subject of an adversary action not yet ripe for trial, it is inconceivable, given the nature of the testimony taken in connection with this and other motions recently tried, that testimony concerning Duckworth's bad conduct would not have surfaced. Such charges appear to be grossly overstated and intended merely to prolong the case.

It is, therefore, **ORDERED** that Duckworth's motion for relief from stay is **GRANTED.** COI shall cooperate with Duckworth and promptly surrender the collateral upon Duckworth's request. COI shall further provide Duckworth and its agents entry upon all of COI's locations and use of such premises and all assets and facilities heretofore used in the operation of COI's business. COI shall take no actions that may impair Duckworth's collateral including any diversion of customer accounts or disruption of COI's operational and financial systems. The parties shall jointly submit a written report to the

Court as to their actions to carry out the provisions of this order no later than October 10, 2003. This order is not stayed under Bankruptcy Rule 4001(a)(3).

**IT IS SO ORDERED.**